**Raymond LAMBIRTH, Plaintiff—Appellant,**

v.

**S. CAMBRA, et al., Defendants—Appellees.**

No. 05–15429.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2006.

Decided April 20, 2006.

Raymond Lambirth, Susanville, CA, pro se.

John William Riches, II, Esq., Sacramento, CA, for Defendants-Appellees.

Before: FERGUSON, TROTT, and KLEINFELD, Circuit Judges.

MEMORANDUM *

Raymond Lambirth, a California state inmate, appeals the district court's summary adjudication dismissing his 42 U.S.C. § 1983 action challenging the High Desert State Prison's (the Prison) new correspondence policy. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Inmates enjoy a First Amendment right to send and receive mail. *Witherow v. Paff,* 52 F.3d 264, 265 (9th Cir.1995). Prison officials, however, may adopt a regulation that impinges upon that constitutional right if "the regulation ... is reasonably related to legitimate penological interests." *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Although *Turner* enumerated four factors to consider in determining the reasonableness of a prison regulation, we need only reach the first factor: whether there is a "valid, rational connection between the prison regulation and the legitimate governmen-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tal interest put forward to justify it." *See id.*

The threshold question for the first *Turner* factor is whether the inmate severs the common-sense connection between the prison's asserted objective and the regulation. *See Frost v. Symington,* 197 F.3d 348, 357 (9th Cir.1999). If the inmate severs that common-sense connection, then the government must "present enough counter-evidence to show that the connection is not so remote as to render the policy arbitrary or irrational." *Id.* (quotation marks and citation omitted). Conversely, if the inmate fails to sever the connection, we evaluate only whether the prison's *asserted* justification is legitimate and neutral—its *actual* reason for implementing the regulation becomes irrelevant. *See Mauro v. Arpaio,* 188 F.3d 1054, 1060 (9th Cir.1999) (en banc).

The Prison contends that it enacted the new correspondence policy to enhance prison security. It identified the common-sense connection between curtailing inmate-to-inmate correspondence and enhancing security in a declaration by the Chief Deputy Warden of the Prison, D.L. Runnels. Runnels stated, "The HDSP correspondence operating procedure was promulgated primarily for security reasons. Mail between institutions can be used to communicate escape plans and to arrange assaults and other violent acts." He also described the enormous problems that California prisons have with gangs and the ability to isolate gang members in different prisons to limit their communication is a critical tool in the fight against prison violence. Thus, a common-sense connection exists between curtailing inmate-to-inmate correspondence and enhancing prison security.

Lambirth failed to sever this common-sense connection. Even if the Prison enacted the new regulation to address labor issues, the common-sense connection be-

tween prison safety and limiting inmate correspondence remains. In other words, the Prison's legitimate interest in prison security is still promoted by curtailing correspondence rights even if the new regulation was prompted by a labor dispute. Thus, whether the Prison enacted the new policy out of labor concerns is irrelevant.

This conclusion is fatal to all three of Lambirth's arguments on appeal. First, even if the district court's *Rand* notice was deficient, that error is harmless. *See Rand v. Rowland,* 154 F.3d 952, 962 n. 9 (9th Cir.1998) (en banc) ("[T]he lack of notice cannot be harmful if the record discloses that the pro se prisoner cannot prove any set of facts which would entitle him or her to relief."). Second, the district court did not abuse its discretion in denying the Rule 56(f) motion because the discovery sought—relating to the Prison's actual reason for enacting the regulation—would be "fruitless." *See Jones v. Blanas,* 393 F.3d 918, 930 (9th Cir.2004) ("Thus summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be 'fruitless' with respect to the proof of a viable claim."). Finally, no genuine issue of material fact precludes summary judgment because the Prison's asserted justification of enhancing prison safety is legitimate and neutral. *See Frost,* 197 F.3d at 357.

AFFIRMED.